## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES BARNETT,

**Plaintiff,**

v.                                          CASE NO. 22-3239-JWL-JPO

UNITED STATES GOVERNMENT, et al.,

**Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

### I.      Nature of the Matter before the Court

Plaintiff James Barnett, who is incarcerated at USP Marion (USPM), a United States Penitentiary in Marion, Illinois,[1] filed this pro se civil action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), seeking relief from federal officials. He has filed a motion to proceed in forma pauperis (Doc. 2) which remains pending.[2] For the reasons set forth below, Plaintiff will be directed to show cause why this matter should not be dismissed.

Plaintiff names as defendants the United States Government; the warden at FCI Hazelton (FCIH), where Plaintiff previously was incarcerated; John Doe 1, a case manager at FCIH; and John Doe 2, a unit manager at FCIH. (Doc. 1, p. 1-2, 7.) As the factual background for this complaint, Plaintiff alleges that in 1970 or 1971, he was sentenced to 20 years in prison.[3] *Id.* at 2. While serving

---

[1] It appears that at the time Plaintiff mailed his pleading and other documents to the Court, he was incarcerated at FCI Hazelton, a federal correctional institution in West Virginia. (See Doc. 1-1.)

[2] Plaintiff is reminded that he is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); (Doc. 4). When the Court receives that information, it will consider the motion to proceed in forma pauperis.

[3] The Court takes all allegations in the complaint as true for purposes of initial screening. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). It notes, however, that Plaintiff's asserted criminal history differs from the criminal history set forth in a previous order dismissing Plaintiff's motion for compassionate release. *See United States v. Barnette* [*sic*], Case No. 77-20014-JAR-1, 2021 WL 2805376, at *7 (D. Kan. July 6, 2021).

that sentence, Plaintiff was convicted of and sentenced for additional crimes. *Id.* Plaintiff asserts that he has accepted fault for his wrongdoing and explains that he was undeveloped and immature at the time he committed his crimes, whereas now he is a loving and caring man. *Id.*

In Count I of the complaint, Plaintiff asserts that he "[e]nlisted into the military to become a highly intelligent man, physically and mentally but never had that chance[ b]ecause of [his] immature and juvenile ways of thinking." *Id.* at 3 (capitalization altered from original). As supporting facts, Plaintiff asserts that John Doe 1 has violated his due process rights by denying him the opportunity to see the parole board every two years. *Id.* In Count II, Plaintiff asserts that John Doe 1 has done or plans to do the same. *Id.* In Count III, Plaintiff asserts that the FCIH warden improperly denied him compassionate release. *Id.* at 3, 5. As relief, Plaintiff requests "immediate compassionate release and[/]or release to parole, and any other relief the . . . Court deem[s] just." *Id.* at 6 (capitalization altered from original).

## II.    Screening Standards[4]

Because Plaintiff is a prisoner, the Court is required to screen the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. §§ 1915A(a)-(b). He proceeds pro se, so the Court liberally construes the complaint and applies less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). During this initial screening, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558

---

[4] Because *Bivens* claims and claims brought under 42 U.S.C. § 1983 are analogous, the Court cites to legal authority regarding both. *See Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020) (noting the parallel between the two causes of action).

(2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* (quotation marks and citations omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

3

### III.    Analysis

First, it appears that this matter was not filed in the appropriate venue. Under 28 U.S.C. § 1391(b):

>   A civil action may be brought in--
>       (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>       (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>       (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

According to the complaint, all of the defendants to this action are residents of West Virginia and the events giving rise to the claim appear to have occurred only in West Virginia. Therefore, it appears that venue is improper in the District of Kansas.[5]

Second, although *Bivens* claims may be brought "against the offending individual officer, subject to the defense of qualified immunity[, a] prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the [Bureau of Prisons]." *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Thus, this action is subject to dismissal as against the United States Government.

Third, this matter seeks a remedy not available under *Bivens*: Plaintiff's release from prison. In *Bivens*, the United States Supreme Court "held that, even absent statutory authorization, it would enforce a *damages remedy* to compensate persons injured by federal officers who violated the prohibition against unreasonable searches and seizures." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) (emphasis added) (citing *Bivens*, 403 U.S. at 397). But Plaintiff does not seek money damages, he seeks only his release from prison. Claims that seek "either immediate release from, or

---

[5] Although courts may cure venue problems through transfer, "[t]here is no obligation to keep meritless claims alive through transfer to another court." *See Johnson v. Lappin*, 478 Fed. Appx. 487, 492 (10th Cir. 2012) (unpublished).

a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting" are "the types of claims cognizable under [28 U.S.C.] § 2241." *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012); *Wills v. Barnhardt*, 2022 WL 4481492, *3 (10th Cir. Sept. 27, 2022) (unpublished) (noting that a challenge to the denial of early release from federal incarceration is a claim properly brought under 28 U.S.C. § 2241). Thus, if Plaintiff seeks to be placed on parole or released altogether, he should file a petition for writ of habeas corpus pursuant to § 2241. Release from physical imprisonment is not a remedy available in the current *Bivens* action.

Relatedly, to the extent that Plaintiff seeks compassionate release, a *Bivens* action is not the proper procedural vehicle for that request. If Plaintiff wishes to again seek compassionate release, he must do so by filing a motion with the sentencing court in the appropriate criminal case[6], not by filing a separate civil action under *Bivens*. *See* 18 U.S.C. § 3582(c)(1)(A) (allowing "motion of the defendant" to modify an already imposed sentence of imprisonment); *see also Bradin v. Thomas*, 2019 WL 3066424, * 10-11 (D. Kan. July 12, 2019) (unpublished) (explaining that request for compassionate release under the First Step Act must be filed in the sentencing court).

Fourth, even liberally construed, the complaint does not allege a legal claim on which relief can be granted. Liberally construing the complaint now before the Court, Plaintiff asserts that federal prison officials violated his federal constitutional due process rights by failing to afford him a parole board hearing every two years and/or by failing to grant him compassionate release. But the United States Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

---

[6] The Court notes that on March 8, 2021, Plaintiff filed in his underlying federal criminal case in this Court a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i). *See United States v. Barnette* [*sic*], Case No. 77-cr-20014-JAR-1, Doc. 117. That motion was dismissed for lack of jurisdiction on July 6, 2021. *Id.* at Doc. 133.

In addition, Plaintiff brings his claims pursuant to *Bivens*, which in 1971 "create[d] 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022). Since then, the United States Supreme Court has "extended *Bivens*" to recognize a private cause of action to recover damages against a federal agent in only two scenarios, neither of which involved a federal prisoner's right to be considered for parole or compassionate release. *See Ziglar*, 137 S. Ct. at 1854-55 (citing *Carlson v. Green*, 446 U.S. 14 (1980), and *Davis v. Passman*, 442 U.S. 228 (1979)). Otherwise, however, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)); *see also Egbert*, 142 S. Ct. at 1803.

Thus, even assuming solely for the sake of argument that Plaintiff has a constitutional right to be considered for parole or compassionate release, there is no indication that a private cause of action exists under which Plaintiff may seek compensation for the violation of such a right. Although Plaintiff briefly refers to "the old Johnson Law," which he asserts required prison officials to allow him to see the parole board every two years, the Court is unfamiliar with that law and Plaintiff has provided no citation to assist the Court in reviewing it. Nor has Plaintiff otherwise identified another federal case or federal statute that provides such a private cause of action.

Fifth, the complaint currently before the Court fails to allege sufficient facts to state a plausible claim for relief. As noted above, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. Plaintiff alleges that John Does 1 and 2 "have den[ied] and deprived [him] of [his] due process of seeing the Parole Board every 2 years" and the FCIH warden

has "the final word or say" and has "den[ied] and deprived [his] compassionate release," but he does not include any assertions about when the denials occurred.

In addition, the complaint does not contain sufficient facts about how the denials occurred. Plaintiff does not explain whether he submitted a request to see the parole board that was denied through official channels or whether he verbally made the request and it was verbally denied, etc. He does not explain how the defendants were involved in any decision on whether Plaintiff was allowed to meet with the parole board. Because the complaint does not set forth the defendants' allegedly unconstitutional actions with specificity, it is impossible for the Court "to ascertain what particular unconstitutional acts" each defendant is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). Thus, Plaintiff has failed to clearly "isolate the allegedly unconstitutional acts of each defendant." *See Twombly*, 550 U.S. at 565 n.10.

Relatedly, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Plaintiff's general assertion that the defendants denied his right to release and/or to meet with the parole board are the sort of conclusory allegations of involvement that are not sufficient. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

## IV. Conclusion

For the reasons stated herein, the complaint is subject to dismissal in its entirety. It appears to have been filed in an improper venue. It appears to seek release from incarceration, which is not a remedy available in a *Bivens* action such as this. It names an improper defendant and does not appear to state a constitutional violation, much less a constitutional violation for which a private

right of action exists. Finally, it fails to allege sufficient facts to state a claim on which relief can be granted. Therefore, Plaintiff will be directed to show cause why this matter should not be dismissed. If Plaintiff fails to do so within the prescribed time, this matter will be dismissed without further prior notice to Plaintiff.

### V. Motion to Appoint Counsel (Doc. 3)

Also before the Court is Plaintiff's motion to appoint counsel (Doc. 3), in which he asks the Court to appoint a public defender to represent him in this matter. Plaintiff advises the Court that he is unable to afford counsel at this time and that his complaint was completed only with the assistance of a family member.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the Court's discretion. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). As explained above, it is not yet clear that Plaintiff has asserted a colorable *Bivens* claim against a named defendant and this matter is subject to dismissal for multiple reasons. Accordingly, at this

point in the proceedings, the Court will deny the motion to appoint counsel without prejudice. If this matter survives initial screening, Plaintiff may refile the motion.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (**Doc. 3**) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including November 15, 2022, to show cause, in writing, why this matter should not be dismissed in its entirety due to the deficiencies discussed herein. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:   This 13th day of October, 2022, at Kansas City, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge